(Court of Appeal, Parish of Orleans.)

## STATE EX REL HEIRS OF BUSHA vs REGISTER OF CONVEYANCES ET ALS.

1. A suit to enforce tender of redemption is not a petitory action involving a conflict of title, but merely presents the issues of an interest to redeem and of compliance with the Statutes.

2. When such tender is made according to law by a party in interest to the tax purchaser, the tax title is defeated, whether the tender be accepted or not.

3. Such tax title becomes a mere illegal incumbrance which may be summarily erased by mandamus taken contradictorily with the parties in interest,

4. The proof of interest and of tender are sufficient to entitle relators to relief.

Appeal from Civil District Court, Division "B."

W. W. Wall and Johnston Armstong, for Relator.

W. O. Hart, for Register of Conveyances, Appellees.

Theo. Cotonio, for Jno. F. Lindner, Appellant.

DUFOUR, J. The relators, alleging their ownership of certain real estate sold to one Lindner for taxes, their seasonable tender of redemption within legal delay and its refusal, proceeded by mandamus directed to the Register and tax purchaser to annul the inscription of the tax sale.

Exceptions were filed to the form of proceeding on the ground that the issue of title is presented, which cannot be summarily tried under the law.

The exception must prevail, if it be true that the question between the litigants is one of title (42 An. 488), but such does not appear to be the case here.

In Coleman vs Baker, 24 An. 524, the Court said:

"It is not a petitory action. The plaintiff admits the regularity of the purchase at the tax sale by defendant, but claims that he has defeated the inchoate rights of defendant by having tendered to him within the year allowed by Statute, the price with the penalty costs, etc. The defendant admits the title in Thompson at the moment of the sale. The only question at issue between the plaintiff and defendant is whether the Statute has been complied with in

such a way as to entitle the plaintiff to a redemption. The conflict of title involved in the petitory action is not found in this."

In Martinez vs Gulf States, etc., Co. No. 1672 of our docket we said:

"The title of the defendant resulting from the tax sales under which defendant went into possession, was divested absolutely by the exercise of the right of redemption. It does not affect said right of redemption in any wise, that defendant refused the tender in redemption and held on to the property. The right to redeem is absolute by the Constitution and by the laws."

In 31 An. 330 and 33 An. 432, it was held that when a tender is made according to law by a party in interest to the tax purchaser for the purpose of redemption, the tax title is defeated, whether the tender be accepted or not, and from that moment a creditor of the former owner has the right to seize the property.

From the foregoing authorities, it appears that an action to enforce a tender of redemption does not involve the issue of title, and that after such tender legally made, the tax title becomes a mere illegal incumbrance which may be summarily erased by mandamus taken contradictorily with the parties in interest.

The rule prevailing as to mortgage inscriptions, sanctioned by practice and judicial precedent, may properly be applied to a case like this. C. P. 830-36 An. 975-37 An. 579, Proof of interest sufficient to redeem, (27 An. 208) and of tender according to law are sufficient to entitle the relators to the relief prayed for. Such proof is found here.

The judgment recognizing relators as the heirs of the former owner is offered, and it is shown that. after negotiations somewhat obstructed by Lindner and his counsel, a tender was made and not accepted. The amount is not shown to·be insufficient.

Judgment affirmed.

December 7th, 1903.

Rehearing refused December 21st, 1903.

Writ of certiorari and review granted by Supreme Court January 26th, 1904.

Judgment subsequently affirmed by Supreme Court.